UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIUS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:08-CV-404 PS |
| vs. | ) |
| | ) |
| WESTVILLE CORRECTION FACILITY, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Julius Johnson, a *pro se* plaintiff filed his third amended complaint pursuant to 42 U.S.C. § 1983. In it he names only one defendant: Westville Correctional Facility. Johnson alleges that he was attacked by a fellow inmate and he is seeking to sue the Westville Correctional Facility. The entire description of his claim and factual allegations in his complaint are:

> Bay Bay calls me into a cell room four man and starts beating on me for no reason they were trying to lock the door no guard in sight he still is beating on me out in the dayroom he gets up and run away.

(3d Am. Compl. [DE 13] at 2.)

Despite my having allowed Johnson to amend his complaint three times, he has still not stated a claim for which relief can be granted. In prior orders, Johnson was told that the Westville Correctional Facility is not a person and that only a person can be liable under 42 U.S.C. § 1983. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Nevertheless, the Westville Correctional Facility is the only named defendant. In this Court's last order he was told that he needed

> to name a human defendant. Westville is not a person and only persons can be financially liable under 42 U.S.C. § 1983. Furthermore, it is insufficient to merely describe how he was attacked by a fellow inmate. Liability attaches only if a human defendant was deliberately indifferent to his safety before the attack.

>Therefore Johnson must state not only when he was attacked, but also how the
>named human defendant knew of the impending attack.

(DE 10 at 2.) I went on to caution him that, "if he d[id] not name a human defendant nor explain what that person knew about the risk of attack before the attack occurred, this case will be dismissed." (*Id*.) Nevertheless, he has none neither.

He does not allege, and based on this complaint it would not be reasonable to infer, that he communicated a specific threat to anyone prior to the attack or that anyone otherwise knew of a specific threat to him. Indeed, his statement that he was attacked "for no reason" gives rise to the inference that this attack was random. The Seventh Circuit has explained that this does not state a claim.

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera* [*v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002)] (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
>   The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

> Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters. Those who have difficulty conforming to society's norms outside prison may find obedience no more attractive inside – and the threat of punishment for violence is diminished for one already serving a long term.

*McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *overruled on other grounds*, *Farmer v. Brennan*, 511 U.S. 865 (1994).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will *always* be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] and its offspring.

*Id*. at 348 (emphasis in original).

At best, it could be inferred that Johnson's complaint alleges what *McGill* explained nearly two decades ago: prison officials know that dangerous, violent people are housed together in close quarters. Even if he had named an individual defendant, at most, he would be alleging that such a defendant should have speculated as to the threat posed by his attacker. But even that would not be sufficient to state a claim of deliberate indifference. As *Klebanowski* explained, even twice requesting a transfer because of a fear of death following being attacked by three fellow inmates is insufficient to state a claim. 540 F.3d at 639-40.

Having given Johnson four opportunities to present a complaint which states a claim, there is no basis for proceeding further with this case. Therefore it will now be dismissed and closed.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(ii). For the foregoing reasons, the *in forma pauperis* petition is denied and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    **SO ORDERED**.

    ENTERED: December 30, 2008

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT